IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PRINCE JACKSON-HARBOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-091 |
| | ) | |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the captioned matter pursuant to 28 U.S.C. § 2241 in an attempt to prevent his deportation. The matter is now before the Court on Respondent's Rule 12(b)(1) motion to dismiss this case for lack of subject matter jurisdiction. (Doc. no. 12). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the motion be **GRANTED**, that Michael Pugh, Petitioner's warden, be **SUBSTITUTED** as the proper party respondent, and that Petitioner's petition be **DISMISSED** without prejudice to its being refiled in the Eleventh Circuit Court of Appeals or the court of appeals for the judicial circuit in which the immigration judge completed Petitioner's proceedings.

I.  **BACKGROUND**

Petitioner, an alien and native of Nigeria, executed the instant petition on May 14, 2005 (see doc. no. 1, p. 10); the Court construes this date as the date of filing, see Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*). Petitioner argues that the

immigration judge and the Board of Immigration Appeals violated his due process rights, the "International Convenant [sic] on Civil and Political Rights," and the Convention Against Torture by ordering his removal.[1] (Doc. no. 1, pp. 1, 3). Petitioner challenges only his final order of removal.

Respondent's instant motion points out: 1) the proper party respondent in a habeas case is the prisoner's custodian, here, Michael Pugh, the Warden of McRae Correctional Facility; and 2) on May 11, 2005, Congress passed the REAL ID Act of 2005, which, in amending 8 U.S.C. § 1252, divested the federal district courts of jurisdiction to entertain habeas petitions which challenge final orders of removal. Accordingly, Respondent requests that Michael Pugh be substituted as the proper party respondent, and that the case be dismissed. For the reasons explained below, the Court agrees.

## II.   DISCUSSION

First, Respondent is correct that Petitioner's custodian is the proper party respondent; accordingly, the Court **REPORTS** and **RECOMMENDS** that Michael Pugh, Warden at McRae Correctional Facility, be **SUBSTITUTED** for the Bureau of Immigration and Customs Enforcement as Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, __, 124 S. Ct. 2711, 2717 (2004).

Next, the Court agrees that it does not have jurisdiction to consider this petition. On May 11, 2005, Congress passed the REAL ID Act ("the Act"); the Act took effect that same day. REAL ID Act of 2005, Publ L. No. 109-13, § 106(b), 119 Stat. 231 (2005). The Act

---

[1] Petitioner argues that he should not be deported because his removal would create an "extreme hardship" by separating him from his wife and children. (See generally doc. no. 1).

amended 8 U.S.C. § 1252 to provide that the "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with the appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The Act plainly divests this Court of any jurisdiction to entertain a habeas challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Attorney General, __ F.3d __, 2005 WL 2333840, at *4 (11th Cir. Sept. 26, 2005). Furthermore, the Act's "jurisdiction restructuring provisions are retroactively applicable to all pending proceedings regardless of the date of the final administrative order." Id. Thus, this Court cannot entertain the instant petition, but must dismiss it.

Of course, at issue is whether the Court should dismiss the petition outright or transfer it to the Eleventh Circuit Court of Appeals. Under 28 U.S.C. § 1631, whenever a federal court determines that jurisdiction over an action or appeal is wanting, that court "shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed." Nevertheless, the Court determines that the interests of justice do not demand transfer in this case.

Indeed, the plain language of the Act provides that only habeas petitions pending as of May 11th, the date Congress passed the Act, should be transferred to the Court of Appeals.[2] See REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

---

[2]The Act provides as follows:

(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of Title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case

3

The instant petition was not executed until May 14, 2005. Given Congress's explicit instructions regarding when transfer is appropriate, it is doubtful that the Court has the authority to transfer the instant petition. If Congress had intended for the district courts to transfer all petitions, regardless of whether they were brought after the Act's effective date, it would have provided as much. This result is in accord with other district courts which have addressed the issue. See Griffith v. Dept' of Homeland Security, No. 05-CV-0644S, 2005 WL 2338866 (W.D.N.Y. Sept. 21, 2005); McDonald v. Mule, No. 05-CV-6367CJS(FE), 2005 WL 19671896 (W.D.N.Y. Aug. 9, 2005); Munoz v. Gonzalez, No. 05-Civ-6056(SHS), 2005 WL 1644165 (S.D.N.Y. July 11, 2005). Simply put, if Petitioner wishes to seek judicial review of his final order of removal, he must refile in the appropriate court of appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's petition be **DISMISSED** without prejudice to its being refiled in the Eleventh Circuit Court of Appeals or the court of appeals for the judicial circuit in which the immigration judge completed Petitioner's proceedings.

---

(or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

4

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **GRANTED**, that Michael Pugh, Petitioner's warden, be **SUBSTITUTED** as the proper party respondent, and that Petitioner's petition be **DISMISSED** without prejudice to its being refiled in the Eleventh Circuit Court of Appeals or the court of appeals for the judicial circuit in which the immigration judge completed Petitioner's proceedings.

SO REPORTED and RECOMMENDED on this 31st day of October, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE